**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**SANDRA A. GARSKE,**

      **Plaintiff,**

**vs.**                               **Case No. 5:20cv195-MAF**

**KILOLO KIJAKAZI,
ACTING COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,**

      **Defendant.**

_____/

**O R D E R**

This Social Security case was referred to the undersigned upon consent of the parties, ECF No. 9, by Senior United States District Roger Vinson. ECF No. 10. It is now before the Court pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for a period of disability and Disability Insurance Benefits (DIB) pursuant to Title II of the Social Security Act. After careful consideration of the record, the decision of the Commissioner is affirmed.

## I.    Procedural History

Plaintiff filed an application for period of disability and disability insurance benefits (DIB) on February 15, 2018. Tr. 64; 181-82.[1] That application alleged Plaintiff became disabled on November 1, 2014. Id. Plaintiff's claim was denied initially, and on reconsideration. Tr. 64-107, 111-23.

Plaintiff requested a hearing before an Administrative Law Judge (Tr. 124-26), which was held on April 23, 2019, by video before the Honorable Joshua R. Heller. Tr. 31-63. At that video hearing, Plaintiff amended her alleged disability onset date to March 15, 2018. Tr. 17; 35-36. Plaintiff and Ronnie C. Mayne, an impartial vocational expert, appeared and testified at the hearing. Id. ALJ Heller issued an unfavorable decision on June 5, 2019. Tr. 14-26.

Plaintiff requested administrative review of the ALJ's decision (Tr. 180), which was denied by the Appeals Council on May 18, 2020. Tr. 1-3. Thereafter, Plaintiff filed her Complaint in this action. ECF No. 1. Plaintiff filed a Brief in Support of that Complaint on August 6, 2021 (ECF No. 21); and Defendant filed a Memorandum in Support of the Commissioner's Decision on September 7, 2021. ECF No. 22. Plaintiff also filed, with leave of Court, a Reply Brief. ECF No. 25. This case is now ripe for judicial review under 42 U.S.C § 405(g).

---

[1] References to the record in this case will be to Tr. followed by the relevant page number.

## II.    Findings of the ALJ

ALJ Heller identified two (2) issues for review:

(1)    Whether Plaintiff is disabled under the Social Security Act because she is unable to engage in substantial gainful employment because of a physical or mental impairment (or combination of impairments) that can be expected to last for a continuous twelve (12) months.

(2)    Whether Plaintiff was disabled on or before December 31, 2019 (the date last insured or DLI).

In his decision, ALJ Heller made the following Findings of Fact and Conclusions of Law:

1.    The Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019. Tr. 19; 196-97. This finding is not in dispute.

2.    The Plaintiff has not engaged in substantial gainful activity since March 15, 2018, the amended alleged onset date (20 CFR 404.1571 *et seq.*). Tr. 19. Plaintiff's earning records show no work activity after the alleged onset date. Tr. 19; 188-199. This finding is not in dispute.

3.    The Plaintiff has the following severe impairments: two left ankle fractures status post open reduction and internal fixation (ORIF) with complex regional pain syndrome (CRPS) from hardware; rotator cuff syndrome of right shoulder; subdeltoid bursitis of right shoulder; neuritis; closed fracture of the talus;

tear of the cartilage of the right wrist; and mild carpal tunnel syndrome (20 CFR 404.1520(c)). Tr. 19. According to ALJ Heller these medically determinable impairments have more than a minimal effect on the Plaintiff and would be expected to interfere with her ability to work. Tr. 20.

Plaintiff was also diagnosed with other impairments, including: degenerative disc disease and herniated disc (Tr. 20; 218); hypothyroidism (Tr. 550; 641); brain fog, inability to process information and hip pain (Tr. 218). However, according to ALJ Heller these other impairments were either nonsevere (as to the degenerative disc disease, herniated disc and hypothyroidism) or not medically determinable (as to the alleged brain fog, inability to process information and hip pain). Tr. 20.

Plaintiff does not contest the medical findings. ECF No. 21, p. 5.

4.     The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

Having considered Plaintiff's impairments both individually and collectively, ALJ Heller concluded that there was no evidence that the clinical findings from such impairments reached the level of severity described in the listings. Tr. 20.

Plaintiff does not contest the medical findings. ECF No. 21, p. 5.

5.     ALJ Heller found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), and was capable of (1) lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently; (2) limited to stand and/or walk for two hours in an 8-hour workday; (3) limited to sit for six hours in a eight hour workday; (4) could push and/or pull as much as she could lift and/or carry; (5) could never operate foot controls with her left foot; (6) limited to occasionally reaching overhead to the right dominant upper extremity; (7) she can reach frequently to the right dominant upper extremity; (8) she can handle and finger frequently with the right hand; (9) she can climb ramps and stairs, balance, stoop, kneel, crouch or crawl occasionally; (10) she can never climb ladders, ropes, scaffolds or work at unprotected heights; and, (11) can occasionally work with moving mechanical parts and be exposed to vibration. Tr. 21.

In making these determinations, ALJ Heller reviewed the record and applied the appropriate standards of review. Inasmuch as Plaintiff does not contest the medical findings, the Court will not restate those findings here, except to the extent they are relevant to the issues raised by Plaintiff in her memorandum.

In addition to the conditions detailed in paragraph 3 above, Plaintiff also alleged disability due to edema, complex regional pain syndrome, arthritis, ankle injury, limited dorsiflexion, fatigue, difficulty ambulating, torn rotator cuff, slap tear,

and shoulder problems. Tr. 22; 218. As noted by ALJ Heller, Plaintiff alleged limitations in the following categories: lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, memory, and using hands. Tr. 22; 229-239. Plaintiff also contended that she could not sit, stand, or walk for more than 30 minutes and could lift less than 30 pounds. Tr. 22; 231; 237; 255. Plaintiff also testified that standing for 20 minutes causes her foot to swell and causes burning pain, which can only be relieved by laying down and elevating her foot. Tr. 22; 44. Plaintiff also reported that her average daily pain level is 4-5/10, but that if she stands for 20-30 minutes it increases to an 8/10. Tr. 22; 49. Plaintiff also testified that she went to physical therapy, both at the expense of her insurance and under the table, and that she had some improvement, but never fully recovered. Tr. 22; 51-52.

While ALJ Heller found that Plaintiff's medically determinable impairments could be reasonably expected to cause Plaintiff's alleged symptoms, ALJ Heller concluded that the evidence did not indicate that Plaintiff's limitations were as severe as reported by Plaintiff. Tr. 22-23. In his Order, ALJ Heller summarizes his review of Plaintiff's relevant medical history. Tr. 23-24.

(A)     Plaintiff had rotator cuff issues beginning in 2014, which was treated with physical therapy. Tr. 362-63; 422.

(B)     Thereafter, in June 2017, Plaintiff fell off a bicycle and fractured

her left ankle. Tr. 317-331; 335-341; 345. Plaintiff underwent an open reduction internal fixation of the left bimalleolar ankle fracture. Tr. 322-23. She was casted until August 2017 and used a straight cane. Tr. 453. Her x-ray showed an anatomically reduced ankle fracture with hardware in satisfactory alignment and position. Tr. 490, 594. After removal of the cast Plaintiff experienced intense burning pain, foot discoloration, increased temperature in her foot, decreased dorsiflexion and difficulty with weight bearing and was diagnosed with complex regional pain syndrome. Tr. 504-05. After surgery, she treated with physical therapy to improve muscle weakness and range of motion; and she was discharged having met the objectives of 25% improvement in range of motion, strength, decreased pain, and improved ambulation. Tr. 424-33. By October 2017 Plaintiff was doing remarkably well and had weaned off gabapentin and was using Celebrex intermittently with reported pain of 0/10, but had some stiffness and altered gait. Tr. 486.

(C)    In February 2018, Plaintiff reported right shoulder and wrist pain. During that examination, she had normal gait, ambulation and

station. Tr. 482. She was treated with anti-inflammatories and ice. Tr. 482.

(D)   As of the alleged onset date, Plaintiff had another fall and suffered a closed minimally displaced avulsion fracture of the left talus and contusion of the wrist. Tr. 605, 608-10. Plaintiff's EMG/nerve conduction study showed evidence of mild carpal tunnel syndrome of the upper extremity, with no evidence of radial motor or sensory neuropathy, cubital tunnel syndrome of the right upper extremity, with no evidence of radial motor or sensory neuropathy, cubital tunnel syndrome, or cervical radiculopathy. Tr. 624. According to ALJ Heller, these mild image study findings are inconsistent with Plaintiff's allegations of disabling symptoms. Tr. 24. Moreover, imaging of Plaintiff's left ankle in April 2018 confirmed that the fracture had healed with excellent alignment. Tr. 605.

(E)   Plaintiff had endorsed ankle and wrist pain with paresthesias into the fifth digit. Tr. 607. There was evidence of wrist and ankle tenderness, stiffness, mild swelling, and pain, but Plaintiff had a normal range of motion in all affected areas (right wrist, shoulder,

and elbow; left foot and left ankle). Tr. 605; 607; 609; 632; 634-35. Plaintiff's clinical examinations were unremarkable, as she walked with a normal and unassisted gait and exhibited intact musculoskeletal and neurological function with grossly intact coordination, motor strength and sensation. Id.; Tr. 641. ALJ Heller noted the record does not demonstrate ongoing incidences of edema requiring leg elevation; and, while there are injuries, recovery from each incident appears rather normal and without significant edema, ongoing pain reports, or hardware complications. Tr. 24. Her injuries were treated with bracing and injections (Tr. 605; 607; 609-10), and removal of the left ankle hardware was not recommended. Tr. 632.

(F) ALJ Heller also considered the opinions and administrative medical findings in this case, but did not defer to or give any specific evidentiary weight to those findings. Tr. 24. The state agency medical consultant, Tameika Lewis, M.D., opined that Plaintiff did not meet or exceed the severity of any listed impairment, and she was capable to lifting and/or carrying 20 pounds occasionally and up to 10 pounds frequently; she was limited to stand and/or walk for

a total of 2 hours in an 8-hour workday; she was limited to sit for a total of 6 hours in an 8-hour workday. Tr. 24. While ALJ Heller accepted the opinion of Dr. Lewis as somewhat persuasive, he did find that the claimant is more limited based on a review of the record. Limitations to light exertion with standing and/or walking limited to two hours and no operation of foot controls with the left lower extremity was consistent with the evidence of Plaintiff's left ankle fracture post ORIF (open reduction and internal fixation) surgery with CRPS (complex regional pain syndrome) and neuritis. Tr. 322-23; 335-41; 345; 607-09. Imaging from a month later confirmed that light exertion was appropriate as Plaintiff's left ankle fracture was healed with excellent alignment. Tr. 605.

(G)   ALJ Heller also considered and rejected as non-persuasive the casual observations of Plaintiff's husband Thomas Garske. Tr. 25; 240-53. Such a report is relevant to the issue of the severity of the impairments and how they impact the Plaintiff's ability to function but is less persuasive than the accumulated medical evidence. Tr. 25. ALJ Heller concluded that the objective medical evidence

and the opinions of the State consultant were more persuasive than

the observations offered by Mr. Garske. Tr. 25.

Ultimately, ALJ Heller concluded that while physical examinations and diagnostic findings depicted some abnormal conditions, there was no indication of substantial functional deficits that would preclude work at the light exertional level. TR. 23. ALJ Heller found that his residual functional capacity assessment was supported by the objective medical evidence and the opinion of the State agency consultant. Tr. 25.

6.      ALJ Heller then concluded that Plaintiff was capable of performing her past relevant employment as an office clerk assistant. Tr. 25. According to ALJ Heller, the position was performed within the relevant period (March 2005 through October 2014) (Tr. 200-03; 207-16), Plaintiff held the job for a sufficient period of time to learn its requirements, and Plaintiff was adequately compensated for the position (Tr. 188-97) such that it constituted substantial gainful activity. Tr. 25. Moreover, upon questioning by ALJ Heller the vocational expert, Mr. Mayne, confirmed that if an individual had the Plaintiff's residual functional capacity they could perform Plaintiff's past relevant work, as an office clerk assistant, as generally or actually performed by Plaintiff. Tr. 26. Further ALJ Heller concluded that the

vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles (DOT). Tr. 26.

Based on this review, ALJ Heller determined that Plaintiff was not under a disability from March 15, 2018, through the date of his decision, and was, therefore, not entitled to period of disability and disability insurance benefits. Tr. 26.

## III.    Plaintiff's Contentions

Plaintiff presents two issues for review:

1.    The ALJ's decision was not based on substantial evidence because the hypothetical question posed to the vocational expert did not reflect the ALJ's findings of fact in his decision, because it referenced an ability to stand for two hours and an ability to walk for two hours, rather than the ability to stand and/or walk for a total of two hours out of an eight-hour workday.

2.    The ALJ's decision was not based on substantial evidence because the vocational expert erroneously testified that the DOT classified Plaintiff's past relevant work as an "Office Clerk Assistant" instead of as an "Administrative Clerk."

### Erroneous Hypothetical Question

Plaintiff contends that ALJ Heller erred in phrasing the hypothetical question posed to the vocational expert. According to Plaintiff, ALJ Heller found that Plaintiff was limited to standing and/or walking for a total of 2 hours in an 8-hour workday. ECF No. 21, p. 9. However, the hypothetical question posed by ALJ Heller improperly increased Plaintiff's ability to stand and walk for a total of 4 hours in an

8-hour workday. Plaintiff contends that this erroneous hypothetical is more than a mere misstatement or oversight, and rather demonstrates a misapplication of the vocational expert's testimony requiring reversal. If the vocational expert was aware that Plaintiff was limited to a total of 2 hours of standing and walking, he would not have concluded that Plaintiff could continue with the work she previously performed which required standing for 2 hours and walking for 1 hour. ECF No. 21, p. 10. If Plaintiff could not do her past work, the ALJ would have proceeded to step 5 of the review process and ultimately concluded that she was disabled. Id.

### Erroneous Classification of Past Work

Plaintiff further contends that the vocational expert improperly classified Plaintiff's past work as an "Office Clerk Assistant" rather than as an "Administrative Clerk." ECF No. 21, p. 10-11. Plaintiff testified that her duties included data entry, reconciling credit card statements, filing, and shredding. Tr. 38-39. She also maintained employee records, completed quarterly highway use tax reports, completed monthly state sales tax reports, prepared invoices, maintained pictures of jobs, answered phones, and made copies. Tr. 202-03. According to Plaintiff, Plaintiff's actual duties are more accurately categorized as those of an Administrative Clerk, a position that is similar to an Office Clerk Assistant, but which has a different Specific Vocational Predatory (SPV) code and reasoning level.

Plaintiff goes on to argue that this is not a harmless error, as the vocational expert was not asked by ALJ Heller whether an individual limited to simple, routine tasks and simple work-related decisions associated with an Office Clerk Assistant position would be able to perform the more advanced reasoning requirements of the duties of an Administrative Assistant. ECF No. 21, p. 13. Plaintiff suggests that if the vocational expert was asked an appropriate follow up question raising the issue of the differences in the job demands between the two positions, then the vocational expert's answer would have been different.

## IV.   Commissioner's Response

Defendant contends that the ALJ's decision is entitled to be upheld because it is supported by substantial evidence. ECF No. 22. Neither of the reasons Plaintiff raised for reversal have merit.

According to Defendant, ALJ Heller's decision here was supported by the testimony of the vocational expert, who confirmed Plaintiff was able to perform her past relevant work as an office clerk assistant, and further that the vocational expert confirmed that Plaintiff was able to perform her past relevant work, either as it was actually performed by Plaintiff, or as the job is generally performed in the national economy. ECF No. 22, p. 7.

Defendant challenges Plaintiff's contention that there is an inconsistency between the ALJ's finding and the hypothetical question posed by ALJ Heller to the vocational expert. ECF No. 22, p. 8. First, Defendant notes that even if Plaintiff could not perform her prior job as actually performed because her prior job only required walking an hour a day (instead of the up to two hours a day Plaintiff contends was required under ALJ Heller's hypothetical), she could perform the job as it is normally performed in the national economy. ECF No. 22, pp. 8-9. Defendant argues that Plaintiff has waived any argument Plaintiff may have had that Plaintiff could not perform the job as generally performed because this argument is not raised in Plaintiff's brief.

Second, Defendant argues that Plaintiff misconstrues ALJ Heller's findings and the hypothetical posed by ALJ Heller. ECF No. 22, p. 9. Instead of finding that Plaintiff would be required to walk for 2 hours a day and stand for 2 hours a day, ALJ Heller actually concluded that in an eight-hour workday Plaintiff would be permitted to sit for up to six hours a day and could spend the remaining two hours choosing to stand or walk. ECF No. 22, p. 9. Because Plaintiff's prior work would be consistent with these restrictions, Defendant contends there was no need to proceed to step five of the evaluation process. ECF No. 22, p. 10.

Further, Defendant contends that ALJ Heller did not err by misclassifying Plaintiff's prior work. According to Defendant, any difference between an administrative clerk and an office clerk assistant is irrelevant, as there was no contention that Plaintiff had any mental limitations which would impact her ability to do either job. ECF No. 22, pp. 10-11. Plaintiff therefore failed to carry her burden to establish her disability.

## V. Plaintiff's Reply

Plaintiff filed, with leave of Court, a Reply Memorandum. ECF No. 25. That Reply reiterates the arguments raised in her original Supporting Memorandum.

According to Plaintiff, ALJ Heller's findings limited Plaintiff to a maximum of two hours of walking or standing per workday. On the other hand, Plaintiff suggests that ALJ Heller posed a hypothetical to the vocational expert which suggested that Plaintiff would be able to stand for two hours and walk for two hours in an eight-hour workday. ECF No. 25, p. 4. Because of these differences, Plaintiff contends there is not substantial evidence to support ALJ Heller's conclusion that Plaintiff could continue with her prior work as defined by ALJ Heller's hypothetical.

Plaintiff also reiterates that the ALJ's failure to properly identify Plaintiff's prior work also undermines the substantial evidence in this case as it undercuts the vocational expert's testimony and makes it inconsistent with the Dictionary of

Occupational Titles. According to Plaintiff an Administrative Clerk has duties –
including maintaining records of business transactions and office activities, copying
data, compiling records and reports, computing wages and taxes, and preparing
invoices – which are not included in the duties of an Office Clerk Assistant. This
failure by the vocational expert to properly identify Plaintiff's prior employment
creates a deficiency in the evidence in this case with respect to Plaintiff's ability to
perform these more sophisticated tasks. ECF No. 25, p. 8.

## VI.    Legal Standards Guiding Judicial Review

This Court must determine whether the Commissioner's decision is supported
by substantial evidence in the record and premised upon correct legal principles. 42
U.S.C. § 405(g); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial
evidence is more than a scintilla, but less than a preponderance. It is such relevant
evidence as a reasonable person would accept as adequate to support a conclusion."
Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted);
accord Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The
Commissioner's factual findings are conclusive if supported by substantial
evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (citations
omitted).[2] The Court may not decide the facts anew, reweigh the evidence, or

---

2 "If the Commissioner's decision is supported by substantial evidence we must affirm,
even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir.

substitute its judgment for that of the Commissioner, <u>Bloodsworth</u>, 703 F.2d at 1239, although the Court must scrutinize the entire record, consider evidence detracting from the evidence on which the Commissioner relied, and determine the reasonableness of the factual findings. <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992); <u>Parker v. Bowen</u>, 793 F.2d 1177, 1180 (11th Cir. 1986). Review is deferential, but the reviewing court conducts what has been referred to as "an independent review of the record." <u>Flynn v. Heckler</u>, 768 F.2d 1273, 1273 (11th Cir. 1985).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

---

2004) (citations omitted). "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ. A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." <u>Tieniber v. Heckler</u>, 720 F.2d 1251, 1253 (11th Cir. 1983). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212, 218-19 (2002). In addition, an individual is entitled to disability insurance benefits (DIB) if she is under a disability prior to the expiration of her insured status. See 42 U.S.C. § 423(a)(1)(A); Moore, 405 F.3d at 1211; Torres v. Sec'y of Health & Human Servs., 845 F.2d 1136, 1137-38 (1st Cir. 1988); Cruz Rivera v. Sec'y of Health & Human Servs., 818 F.2d 96, 97 (1st Cir. 1986).

The Commissioner analyzes a claim in five steps, pursuant to 20 C.F.R. § 404.1520(a)(4)(i)-(v):

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P?

4. Does the individual have the residual functional capacity (RFC) to perform work despite limitations and are there any impairments which prevent past relevant work?[3]

---

[3] An RFC is the most a claimant can still do despite limitations. 20 C.F.R. § 404.1545(a)(1). It is an assessment based upon all of the relevant evidence including the claimant's description of her limitations, observations by treating and examining physicians or other persons, and medical records. Id. The responsibility for determining claimant's RFC lies with the ALJ. 20 C.F.R. § 404.1546(c); see Social Security Ruling (SSR) 96-5p, 1996 SSR LEXIS 2, at *12 (July 2, 1996) ("The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. The assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent

5.  Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. Consideration is given to the assessment of the claimant's RFC and the claimant's past relevant work. If the claimant can still do past relevant work, the claimant is not disabled. There is no need to proceed to step 5 of the process.

Plaintiff bears the burden of proving that she is disabled, and consequently, is responsible for producing evidence in support of her claim. *See* 20 C.F.R. § 404.1512(a); Moore, 405 F.3d at 1211. The responsibility of weighing the medical evidence and resolving any conflicts in the record rests with the ALJ. *See* Battle v. Astrue, 243 F. App'x 514, 523 (11th Cir. 2007).

Here, Plaintiff has waived any claim she may have had based on the medical evidence. In Plaintiff's Brief, she confirmed that she "has not made an argument based on medical evidence to contradict the medical finding of the ALJ and therefore

---

symptomatology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence."). The Court will apply the SSR in effect when the ALJ rendered her decision. *See generally* Bagliere v. Colvin, No. 1:16CV109, 2017 U.S. Dist. LEXIS 8779, at *10-18, (M.D. N.C. Jan. 23, 2017), *adopted*, 2017 U.S. Dist. LEXIS 51917 (M.D. N.C. Feb. 23, 2017).

a recitation of the medical record is not necessary." ECF No. 21, p. 5. Thus, this Court need not examine the medical findings or determine whether those findings are supported by substantial evidence. Plaintiff has conceded that they are supported by substantial evidence.

Instead, Plaintiff's challenge here focuses on ALJ Heller's findings with regard to Plaintiff's RFC, and his conclusion at the fourth step in the review process that Plaintiff was capable of performing her past relevant work. At that stage of the process, ALJ Heller was tasked with assessing the claimant's residual functional capacity and determining whether the Plaintiff can perform past work despite her impairment. Wilson, 284 F.3d at 1227 (citing 20 C.F.R. § 404.152(f)). Plaintiff bears the burden at this stage of proving her inability to perform her prior work. Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990).

Indeed, Plaintiff must demonstrate the inability to do the previous type of work, not merely the specific job she held. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). "Social Security Ruling 82-61 provides that a claimant can return to past relevant work if she can perform the specific job she performed, either in the manner she performed it, or as it is usually performed in the national economy." Dudley v. Apfel, 75 F. Supp.2d 1381, 1382 (N.D. Ga. 1999). Moreover, the Eleventh Circuit has found that reliance on either the Dictionary of Occupational Titles or

testimony by a vocational expert satisfies the substantial evidence standard. See, e.g., Simpson v. Com's of Soc. Sec., 423 Fed. App'x 882, 885 (11th Cir. 2011); see also McGhee v. Soc. Sec. Admin, Comm'r, 826 Fed. App'x 894, 895 (11th Cir. 2020) (citations omitted) ("When determining whether a claimant can perform past relevant work, the ALJ may rely on the testimony of a [vocational expert] as well as the [Dictionary of Occupational Titles] and information that the claimant provides about their work history").

## VII.   Legal Analysis

### Substantial Evidence Supports the ALJ's Decision

The evidence in this case supports ALJ Heller's decision that Plaintiff is not disabled as she can still perform her prior relevant work, either as actually performed or as it is usually performed in the national economy.

## Stand And/Or Walk

Plaintiff's first contention, that ALJ Heller erred by misstating a requirement that Plaintiff be able to stand and/or walk for as long as four (4) hours during an eight (8) hour workday in the hypothetical he posed to the vocational expert, misconstrues the language used by ALJ Heller both in his findings and in the hypothetical question. ALJ Heller concluded that Plaintiff was "limited to stand and/or walk for 2 hours in an 8-hour workday." Tr. 21. During the hearing, ALJ

Heller asked the vocational expert to assume Plaintiff could "stand for two hours in an eight-hour workday, walk for two hours in an eight-hour workday." Tr. 58. Plaintiff's contention hinges on the meaning of the words "and/or" as used in ALJ Heller's findings.

If "and/or" as used by ALJ Heller means "or," Plaintiff is correct in contending that ALJ Heller's findings limited Plaintiff to standing and walking for a total of two (2) hours in an eight-hour workday. However, if "and/or" as used by ALJ Heller means "and" than Plaintiff could be expected to walk for up two (2) hours and stand for up two (2) hours in an eight-hour workday, for a total of four (4) hours in the workday.

Of course, either of these limitations would have to be construed in conjunction with ALJ Heller's other finding – that Plaintiff could sit for six (6) hours of the eight-hour workday. Tr. 58. Thus, in no case could Plaintiff be expected to walk for two (2) hours a day, stand for two (2) hours a day and sit for six (6) hours a day, since that would amount to a ten-hour workday.

Instead, that language should be construed to mean "up to" those number of hours – with flexibility to Plaintiff to adjust her status as necessary to complete her work within her physical limitations. See Gray v. Colvin, 2013 WL 5526052, *6 (E.D. Washington 2013) (holding that the "plain reading of the phrase "and/or"

indicates each functional area could be performed up to 6 hours a day, not that the total combined functional areas could be up to 6 hours a day"); <u>see</u> <u>also</u> <u>Wright v.</u> <u>Astrue</u>, 2008 WL 5070760, *8 (D. NJ 2008) (holding that ALJ's statement that Plaintiff can stand for two hours and walk for two hours was not inconsistent with statement that Plaintiff could stand and/or walk for two hours, especially where Plaintiff was able to sit for six hours in an eight-hour workday). Plaintiff had the discretion, under both ALJ Heller's RFC findings and under the hypothetical posed by ALJ Heller to divide the remaining two hours of a workday between walking and standing. This is especially true given Plaintiff's prior employer's willingness to accommodate Plaintiff's limitations. Tr. 39 (confirming that Plaintiff's employer knew of Plaintiff's limitations an allowed her to adjust her work); Tr. 202 (confirming that employer understood Plaintiff's limitations and accommodated her).

There was no error created by the alleged inconsistency between the hypothetical and the RFC findings: Plaintiff had the flexibility to change her status and position as necessary between walking, standing, and sitting, with sitting taking up the majority of the time.

**Office Clerk Assistant or Administrative Clerk**

Plaintiff then contends that the ALJ and the vocational expert erroneously classified Plaintiff's prior relevant employment as that of an "Office Clerk Assistant" rather than an "Administrative Clerk." Plaintiff contends this issue is material because an Administrative Clerk has higher reasoning requirements. This contention also fails to support Plaintiff's position that she was disabled during the relevant time.

First, the substantial evidence in this case does not support Plaintiff's contention that the ALJ or the Vocational Expert failed to accurately classify Plaintiff's prior relevant employment. Plaintiff described the tasks of her employment during her testimony at the hearing as follows: she was an "office assistant"; she did "data entry"; she "entered receipts, reconciled credit card statements"; she "did some filing"; she "did some shredding." Tr. 38-39. She also self-reported in her work history report that she "entered receipts, reconciled credit card statements, maintained employee records, completed highway use tax, completed monthly state sales tax, maintained pictures of jobs, prepared invoices, answered phones, filed, made copies, shredded." Tr. 202-03. Plaintiff also noted that she did not "use technical knowledge or skills" and that she did not "supervise other people." Tr. 202.

In relevant part, the tasks of an "Office Helper" or "Office Clerk Assistant" include the following: furnishing supplies; handling incoming and outgoing mail; delivering messages; distributing paperwork; mark, tabulate and file articles, and records; and using office machines. ECF No. 21, p. 12. An "Administrative Clerk" performs similar duties: copying data and compiling records and reports; tabulating and posting data in record books; operates office machines; and handles incoming and outgoing mail. ECF No. 21, pp. 11-12. Thus, there is a great deal of overlap between Plaintiff's past relevant employment, the tasks performed by an Office Clerk Assistant, and the tasks performed by an Administrative Clerk.

There were several tasks that Plaintiff performed at her prior job that were included in the description of an Administrative Clerk, including: computing taxes; entering receipts; and preparing invoices. However, as defined by the DOT, an Administrative Clerk performs many other functions and tasks that Plaintiff did not report she performed in her past relevant employment. These include: computing wages, premiums, commissions and payments; recording orders for merchandise or service; interact with customers, claimants, employees, and sale personnel; receiving, counting, and paying out cash; prepare stock inventory; adjust complaints; greet and assist visitors; prepare payroll; and purchase supplies. ECF 21, pp. 11-12.

Thus, while there may be an argument that Plaintiff's past work could be more accurately described as an Administrative Clerk, that result is certainly not dictated by the evidence. Indeed, Plaintiff's past employment did not involve the sort of interpersonal and reasoning skills typical of an Administrative Clerk. Even if this Court were to disagree with ALJ Heller's conclusion that Plaintiff's past work was that of an Office Helper, there would be no basis for reversing that result here so long as there is evidence in the record that supports that decision. Because there is substantial evidence to support that conclusion, including the testimony of the vocational expert and a review of the DOT, that finding must be upheld on review. There is at least some basis for concluding as ALJ Heller has.

Moreover, even if this Court disagreed with the classification of Plaintiff's past relevant employment as that of an Office Clerk Assistant as opposed to an Administrative Clerk the result would be no different here. As noted by Plaintiff, the only real difference between the positions is that an Administrative Clerk has a higher reasoning level. Assuming this is true, and that Plaintiff actually was an Administrative Clerk rather than an Office Clerk Assistant, there is no evidence in this record which suggests that Plaintiff would lack the reasoning ability required of an Administrative Clerk. Any error in classification of her prior work would be harmless as any differences between Plaintiff's prior relevant employment and that

of an Office Clerk Assistant are negligible and there is no evidence that Plaintiff would have an issue exercising any heightened reasoning if her job was properly classified as an Administrative Clerk. While additional questions and evidence may have changed the result, those questions were not raised by Plaintiff, who was represented by counsel during the hearing. The ALJ's decision here was supported by substantial evidence and is, thus, due to be affirmed.

## VIII.    Conclusion

Considering the record as a whole, the findings of the ALJ are based upon substantial evidence in the record and the ALJ correctly applied the law. Accordingly, the decision of the Commissioner to deny Plaintiff's application for Social Security disability benefits is **AFFIRMED**. The Clerk is **DIRECTED** to enter judgment for the Defendant.

**DONE AND ORDERED IN CHAMBERS** at Tallahassee, Florida, on June 13, 2022.

**s/ Martin A. Fitzpatrick**_____
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**